Edna ANDERSON, Individually, Etc., Appellants,

v.

TENSAW LAND AND TIMBER COMPANY et al., Appellees.

No. 20276.

United States Court of Appeals Fifth Circuit.

Jan. 10, 1964.

Forrest B. Jackson, Jackson, Miss., for appellant.

W. Dewitt Reams, Mobile, Ala., John Chason, Bay Minette, Ala., Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., of counsel, for appellees Tensaw Land and Timber Co., Inc., John Boykin, Frank W. Boykin, Occlo Boykin, Art Andresen, Mary Andresen.

Armbrecht, Jackson, McConnell & DeMouy, W. H. Armbrecht III, Broox G. Holmes, Mobile, Ala., for appellee, Taylor Wilkins.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the trial court erred in granting a motion of the appellee-defendants to dismiss the amended complaint for failing to state a claim upon which relief could be granted against the appellee.

The amended complaint charges that appellants entered into a verbal lease contract, around November 12, 1957, to lease some land in Baldwin County, Alabama; that appellants expended three thousand dollars in 1957 to open up the project; and that the lease remained in effect until December 30, 1961.

It also charges that appellant rented a room to one Thomas M. Owen in May, 1961; that Owen represented himself as being a representative of the Tensaw Company; that during the course of his stay, he moved his family onto the premises, refusing to pay rent; that his conduct became intolerable; that appellees

Frank and John Boykin refused to permit appellants to move Owen; and that Owen was in fact a representative of the Tensaw Company.

Further, it is averred that, in December, 1959, appellants expended fifty thousand dollars for repair and maintenance of the leased property; that, at the same time, appellants entered into an agreement with Arthur and Mary Andresen under which they would operate a pleasure boat, the "FROLIC"; that, on August 28, 1961, John Boykin, Occlo Boykin and the Tensaw Company filed suits in Baldwin County, Alabama against appellants; that John Boykin's suit was for a five hundred dollar note he claimed he paid for appellants, when, in fact, he did not pay the note; that Occlo Boykin sued for six hundred dollars on a land deal he claimed appellants owed him, when, in fact, there was no such indebtedness; and that the Tensaw Company filed suit for one hundred twenty-five dollars claiming rent due by appellants. As a result of these suits, it is charged that all of appellant's personal property was attached by the county sheriff, Taylor Wilkins.

It is further averred that, in consequence of the attachments, appellant and her children, in August, 1961, were forced off the property; that on September 15, 1961, appellant returned to see if the sheriff was keeping the property in a safe manner; that at this time, she was arrested for disturbing the peace and placed in jail until the following day; that appellee Judge R. Stewart, acting under color of his office as County Judge of Baldwin County, Alabama, held a trial; and that he was then under the control of the other appellees. Judge Stewart ordered appellant exiled from the county or face a jail sentence.

The District Court found that the appellant did not state a cause of action under the Civil Rights Statute, 42 U.S.C. § 1983. After a careful examination of the record we find that the holding of the lower court is correct. Cf. Simmons v. Whitaker, 5 Cir., 1958, 252 F.2d 224.

Affirmed.