**James TAGGART et al., Plaintiffs-Appellants,**

v.

**CITY OF GRAND PRAIRIE, Defendant-Appellee.**

**No. 28171**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1970.

Herbert Green, Jr., Dallas, Tex., for appellants.

Jerry D. Brownlow, Grand Prairie, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

After a pretrial hearing, the District Court dismissed this matter on defendant's motion, for lack of jurisdiction and failure of plaintiffs to state a claim presenting a substantial federal question. We affirm.

The complaint for injunctive relief is a vague, many-pronged action, termed a class action, and brought by four citizens of the City of Grand Prairie, Texas, "who object to the abusive use of police power and the unconstitutionality of various and numerous acts of the City of Grand Prairie" against them. They request that a three-judge court be convened under 28 U.S.C. § 2284. The pleadings allege generally that appellee has interfered with the ability of plaintiffs to "make a living," and they also allege deprivation of property and property rights, all in violation of plaintiffs' civil and constitutional rights, especially Amendments 1 through 15 of the United States Constitution. They seek to restrain the enforcement of city ordinances (not named or numbered) relating to health, maintenance of inoperative automobiles, pasturing of horses, and refusal to permit repairs to their dwellings. It is apparent from the allegations that appellants were deprived of no federally protected right. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Anderson v. Tensaw Land & Timber Company, 5 Cir., 1964, 326 F.2d 855; Kinney v. Johnson, 5 Cir., 1963, 319 F.2d 123. Any rights which appellants might have can be adequately determined by state law.[1]

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.