**332**

**Herbert Loyd LINDAUER, Plaintiff,**

v.

**The OKLAHOMA CITY URBAN RE-NEWAL AUTHORITY, a Public Body Corporate, and its Board of Commissioners composed of W. M. Harrison, F. D. Moon, R. A. Hunter, Jim Lookabaugh and Harvey Everest, Defendants.**

**Civ. No. 70–244.**

United States District Court,
W. D. Oklahoma.

Dec. 11, 1970.

See also, D.C., 312 F.Supp. 1361.

Ted R. Fisher, Tulsa, Okl., for plaintiff.

James D. Batchelor, Jerry L. Salyer, John W. Swinford, Jr., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

In this case, Plaintiff claims that Title 11, Oklahoma Statutes, Sections 1601 to 1620 inclusive (the Oklahoma Urban Development Law for cities of over 100,000 population) is unconstitutional and that its enforcement against him in taking certain properties situated in Oklahoma City, Oklahoma and belonging to him denies him the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. In this connection, it is Plaintiff's contention that the above laws do not afford the citizens of Oklahoma City, Oklahoma the right to vote on the exercise of the authority or powers of the Urban Renewal Authority (the exercise of said authority or powers is left to the local governing body of Oklahoma City) whereas, both Title 11, Oklahoma Statutes, Sections 1651 to 1670 inclusive (the Oklahoma Urban Development Act for cities of 10,000 to 100,000) and Title 11, Oklahoma Statutes, Sections 1701 to 1718 inclusive (the Oklahoma Urban Development Act of 1961 for cities of 10,000 or less) provide that before the exercise of the authority or powers of the Urban Renewal Authority, the approval thereof shall be by resolution of the local governing board of the city involved *and* a majority vote of the qualified property tax paying voters of the city at an election held for that purpose. Thus, Plaintiff complains that he had no vote as a citizen of Oklahoma City (which has a population over 100,000) but that citizens of other cities in Oklahoma with a population below 100,000 have a vote as to whether the authority and powers of the Urban Renewal Authority shall be exercised.

Plaintiff applied to the Court for the creation of a three-judge court un-

der the provisions of 28 U.S.C. 2281 et seq. The Court denied the application by an Order filed herein on May 20, 1970, 312 F.Supp. 1361, which by reference is made a part of this Memorandum Opinion. Plaintiff's appeal of this Order has been dismissed for lack of jurisdiction by the United States Court of Appeals for the Tenth Circuit under date of November 24, 1970. At the pretrial conference conducted herein on September 4, 1970, the parties stipulated and agreed that the case on its merits was submitted to the Court without the introduction of evidence and on briefs to be submitted. The briefs have been filed herein and have been considered by the Court. The Court has awaited the decision of the Court of Appeals on the three-judge ruling before proceeding to the merits of the case.

Plaintiff's attack on the Urban Renewal legislation of the State of Oklahoma as being unconstitutional is not supported by the cases. The United States Supreme Court in Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), upheld the validity and constitutionality of Urban Renewal legislation. Plaintiff's specific complaint that the Oklahoma legislation is unconstitutional in that it denies him the equal protection of the laws because he and other citizens of the City of Oklahoma City do not have the right to vote on the exercise of Urban Renewal Authority in their community, whereas citizens of smaller cities are permitted to vote on such exercise in their community, has also been the subject of court adjudication unfavorable to the Plaintiff. City of Kansas City v. Robb, 183 Kan. 834, 332 P.2d 520 (1958); Isaacs v. Oklahoma City, 437 P.2d 229, at p. 236, (Okl.1967), cert. denied 389 U.S. 825, 19 L.Ed.2d 79, 88 S.Ct. 63 (1967). Also see Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583, Note 7 (1969). The Court finds and concludes that the classification made by the Oklahoma legislature between the larger and smaller cities is a natural and genuine one, having a substantial and reasonable relation to the subject matter involved. It is common knowledge that populous cities are subject to more slum and blighted areas which are injurious to the health and welfare of their inhabitants, whereas, differences of opinion may exist in smaller cities as to whether slum and blighted areas are present. Thus, population is a legitimate ground for classification and differentiation with respect to holding elections regarding the exercise of Urban Renewal power and authority. The Court finds that the classification is not arbitrary but is genuine and reasonable.

Plaintiff's action should, therefore, be dismissed as it fails to state a claim upon which relief may be granted. Counsel for Defendants will prepare an appropriate judgment of dismissal for the signature of the Court and entry herein.