Herbert Loyd **LINDAUER**, Plaintiff, Appellant,

v.

The **OKLAHOMA CITY URBAN RE-NEWAL AUTHORITY**, a Public Body Corporate, et al., Defendants, Appellees.

No. 71–1045.

United States Court of Appeals, Tenth Circuit.

Dec. 2, 1971.

Rehearing Denied Jan. 10, 1972.

Certiorari Denied March 27, 1972.

See 92 S.Ct. 1293.

Ted R. Fisher, Tulsa, Okl., for plaintiff, appellant.

James D. Batchelor and Jerry L. Salyer, Oklahoma City, Okl. (Barry W. Johnson, John W. Swinford, Jr. and Harry H. Selph II, on the brief), for defendants, appellees.

Before LEWIS, HAMLEY* and HILL, Circuit Judges.

* Of the Ninth Circuit, sitting by designation.

HILL, Circuit Judge.

This is an appeal from the order of the United States District Court for the Western District of Oklahoma, 312 F. Supp. 1361, denying the application of the appellant to convene a three-judge court, as provided by 28 U.S.C. §§ 2281 and 2284, for failure to show a substantial federal constitutional question, and dismissing the action for failure to state a claim upon which relief might be granted, 320 F.Supp. 332. Appellant had sought to enjoin enforcement of Oklahoma statutes pertaining to urban renewal,[1] alleging that the provisions of such statutes denied equal rights of franchise to certain Oklahoma citizens, including appellant, thereby perpetrating an invidious discrimination violative of the equal protection clause of the Fourteenth Amendment. The statutes in question created an urban renewal authority for cities having a population in excess of 100,000 (Oklahoma City and Tulsa being the only such cities), while no such authority could be created for cities and towns with a population of 100,000 or under without approval by the voters of the given municipality. The district court found the statutes in question to be constitutional.

Appellant argues that there is a proper basis for invoking the jurisdiction of a three-judge court; the complaint presents a substantial federal constitutional question; and the district court to which the application is addressed cannot pass on the merits of the complaint. Appellees contend that there is no basis for convening a three-judge court, as no substantial federal constitutional question is raised. The issue thus presented is whether a substantial federal constitutional question is presented by appellant's complaint.

■ It is well established that many statutory classifications may be created which do not violate equal protection. Only invidious discrimination offends the United States Constitution. Ferguson v. Skrupa, 372 U.S. 726, 83 S. Ct. 1028, 10 L.Ed.2d 93 (1963). If a rational relationship between the classification and the attainment of a valid public purpose exists, the enactment will be sustained. Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); Ohio ex rel. Clarke v. Deckebach, 274 U.S. 392, 47 S. Ct. 630, 71 L.Ed. 1115 (1927). Application of a law to a locality of a particular population classification is not invalid unless the classification is purely arbitrary, oppressive or capricious. Packard v. Banton, 264 U.S. 140, 140 S.Ct. 257, 68 L.Ed. 596 (1924); Hayes v. Missouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578 (1887). The allegation that the Oklahoma Urban Redevelopment Law violates the equal protection clause of the Fourteenth Amendment poses no substantial federal question. It is clear that blight and deterioration exist in heavily populated areas. The Oklahoma legislature's decision to use its police power to attack the problems of the larger cities first does not lack rational justification. Consequently, there is no real issue as to the constitutionality of the population classification.[2] It is worthy of note that an attack on the same statutes in the courts of Oklahoma, wherein violations of the Oklahoma constitution and the Fourteenth Amendment of the United States Constitution were alleged, was rejected by the Oklahoma Supreme Court. Isaacs v. Oklahoma City, 437 P.2d 229 (1966), cert. denied 389 U.S. 825, 88 S.Ct. 63, 19 L. Ed.2d 79.

■ The question of the constitutionality of a statute must be substantial before there is a right to a three-judge panel. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 589, 7 L.Ed.2d 512 (1962). The district judge to whom the application for a three-judge court is addressed may

---

1. 11 Okl.St.Ann. §§ 1601–1620, 1651–1670, 1701–1718.

2. *See* Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L. Ed., 563 (1955); State ex rel. Fatzer v. Urban Renewal Agency of Kansas City, 179 Kan. 435, 296 P.2d 656 (1956).

dismiss a complaint which fails to raise a substantial federal question.[3] As no substantial federal question is presented, the district court properly dismissed the complaint.[4]

Affirmed.

3. White v. Gates, 102 U.S.App.D.C. 346, 253 F.2d 868 (1958), cert. denied 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147.

4. Taggart v. City of Grand Prairie, 421 F.2d 1301 (5th Cir. 1970); Haines v. Castle, 226 F.2d 591 (7th Cir. 1955), cert. denied 350 U.S. 1014, 76 S.Ct. 660, 100 L.Ed. 874; Landsberger v. Freeman, 217 F.Supp. 138 (D.D.C.1963); Voege v. Am. Sumatra Tobacco Corp., 192 F. Supp. 689 (D.Del.1961); Bunce v. Williams, 159 F.Supp. 325 (E.D.Mich.1958).