**Eugene W. PIERCE, Jr., Plaintiff,**

v.

**The Honorable Bruce KING, Governor of the State of New Mexico, et al., Defendants.**

**Civ. No. 74–183.**

United States District Court, D. New Mexico.

April 16, 1974.

L. A. McCulloch, Jr., Thomas L. Grisham, Stephen F. Lawless, Albuquerque, N. M., for plaintiff.

Willard W. Royer, Jr., Santa Fe, N. M., for State of New Mexico.

Robert A. Martin, Albuquerque, N. M., for Emma Gonzales.

## MEMORANDUM OPINION

PAYNE, Chief Judge.

The Plaintiff Eugene W. Pierce, Jr., filed suit herein against the Honorable Bruce King, Governor of the State of New Mexico, et al., on April 1, 1974, seeking a preliminary injunction and a final judgment pursuant to law declaring that the provisions of the New Mexico Constitution, Article X, Section 1, Chapter 24, Laws of 1974, and Bernalillo County ordinance No. 245 are unconstitutional and invalid on the allegation that they deprive the plaintiff of his constitutional rights as guaranteed by the Fourteenth Amendment to the United States Constitution. The amendment to the State Constitution was House Joint Resolution 33 approved March 28, 1973 and reads as follows to wit:

Constitutional Amendment # 5

A Joint Resolution

Proposing to Amend Article 10 of the Constitution of New Mexico by Adding a New Section to Provide for Five-Member Boards of County Commissioners Elected From Districts for Staggered Terms of Four Years, in Those Counties Having a Population of More Than One Hundred Thousand as Shown by the Most Recent Decennial Census and Having an Assessed Valuation in Excess of Seventy-Five Million Dollars ($75,000,000).

BE IT RESOLVED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

Section 1. It is proposed to amend Article 10 of the constitution of New Mexico by adding a new section to read:

"In those counties having a population of more than one hundred thousand, as shown by the most recent decennial census, and having a final, full assessed valuation in excess of seventy-five million dollars ($75,000,000), the elected board of county commissioners shall consist of five members. The county shall be divided into five county commission districts which shall be compact, contiguous and as nearly equal in population as practicable. One county commissioner shall reside within, and be elected from, each county commission district. Change of residence to a place outside the district from which a county commissioner was elected shall automatically terminate the service of that commissioner and the office shall be declared vacant.

County commissioners serving on a five-member boards of county commissioners shall serve terms of four

years, and after having served two consecutive terms, shall be ineligible to hold any county office for four years thereafter.

Provided, that in the first general election immediately following the adoption of this amendment, two county commissioners shall each be elected for a term of two years; two county commissioners shall each be elected for a term of four years; and one county commissioner shall be elected for a term of six years; thereafter, each county commissioner shall be elected for a term of four years."

Section 2. The amendment proposed by this resolution shall be submitted to the people for their approval or rejection at the next general election or at any special election prior to that date which may be called for that purpose.

The same was submitted to the people of the State of New Mexico and was adopted in the General election in November, 1973.

Pursuant to the Amendment to the Constitution of New Mexico the Legislature of New Mexico passed House Bill 82 which was approved on February 20, 1974, and reads as follows, to wit:

## CHAPTER 21

### AN ACT

Relating to Counties: Providing for County Commission Districts in Those Counties Having a Population of More Than One Hundred Thousand, as Shown by the Most Recent Decennial Census, and Having a Final, Full Assessed Valuation in Excess of Seventy-Five Million Dollars ($75,000,000).

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

Section 1. Section 15–37–2 NMSA 1953 (being Laws 1876, Chapter 1, Section 8, as amended) is amended to read:

"15–37–2 MEMBERS—QUORUM.—

A. The board of county commissioners shall consist of three qualified electors, any two of whom shall be competent to transact business, who shall be elected according to law.

B. The board of county commissioners of any county having a population of more than one hundred thousand, as shown by the most recent decennial census, and having a final, full assessed valuation in excess of seventy-five million dollars ($75,000,000) shall consist of five qualified electors who shall be elected according to law. For the purpose of transacting business, three members shall constitute a quorum."

Section 2. Section 15–37–3 NMSA 1953 (being Laws 1876, Chapter 1, Section 10, as amended) is amended to read:

"15–37–3. RESIDENCE IN DISTRICTS—PERIOD FOR DISTRICTING—ELECTION AT LARGE.—

A. Each county may be divided by the board of county commissioners into three compact districts as equal in proportion to population as possible numbered respectively as one, two and three and, if so divided, shall not be subject to alteration oftener than once in two years. One commissioner shall be elected from each district by the votes of the whole county but he shall be a resident of the district from which he is elected. If made, the division of the county into three districts shall be made within six months after the board of county commissioners is elected to office.

B. Any board of county commissioners of counties of the H class may, by resolution adopted in any calendar year in which no election of county commissioners is held, provide that the three county commissioners shall be elected at large and without division of the county into districts, but the resolution shall not be subject to repeal, revision or amendment for a

period of two years following its adoption.

C. The board of county commissioners of any county having a population of more than one hundred thousand, as shown by the most recent decennial census, and having a final, full assessed valuation in excess of seventy-five million dollars ($75,000,000) shall be divided into five county commission districts as provided by law, and as equal in proportion to population as possible. Such apportionment shall be made once after each federal decennial census. One commissioner shall be elected by the voters of each district and shall be a resident of the district from which he is elected."

Section 3. A new Section 15–37–3.1 NMSA 1953 is enacted to read:

"15–37–3.1. PRECINCTS.—Precinct designations and boundaries used in Section 15–37–3.2 NMSA 1953 shall be those precinct designations and boundaries set by the boards of county commissioners of the respective counties for the 1972 general election, unless otherwise specifically stated."

Section 4. A new Section 15–37–3.2 NMSA 1953 is enacted to read:

"15–37–3.2. BERNALILLO COUNTY—DISTRICTS DESIGNATED.— In accordance with the provisions of Section 15–37–3 NMSA 1953, the county of Bernalillo is districted as follows:

A. 'commission district 1' shall be composed of the following precincts in Bernalillo county: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 34, 35, 36, 37, 38, 39, 151, 152, 153, 161, 181, 182, 183, 184, 185, 186, 187, 191, 192, 193, 194, 195, 196, 197, 211, 344, 346, 371, 374, 375, 431, 432, 433, 435, 436, 437, 442, 443 and 444;

B. 'commission district 2' shall be composed of the following precincts in Bernalillo county: 31, 32, 33, 41, 42, 43, 44, 45, 46, 47, 48, 61, 62, 63, 64, 65, 66, 67, 71, 72, 73, 74, 75, 76, 77, 91, 92, 93, 94, 95, 96, 97, 104, 121, 122, 123, 124, 125, 131, 132, 133, 134, 135, 136, 154, 155, 162, 163, 164, 165, 166, 212, 213, 214, 215, 216, 221, 222, 223, 225, 226, 341, 342, 343 and 345;

C. 'commission district 3' shall be composed of the following precincts in Bernalillo county: 101, 102, 103, 105, 106, 107, 224, 241, 242, 243, 244, 245, 246, 251, 252, 253, 254, 255, 256, 271, 272, 273, 274, 275, 276, 277, 281, 282, 283, 284, 285, 311, 312, 313, 314, 315, 321, 324, 325, 351, 352, 353, 354, 355, 356, 357, 358, 381, 382, 383, 384, 385, 386, 387, and 412;

D. 'commission district 4' shall be composed of the following precincts in Bernalillo county: 372, 373, 401, 402, 403, 404, 405, 406, 407, 408, 409, 411, 413, 414, 415, 434, 441, 445, 446, 461, 462, 465, 466, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 506, 507, 508, 509, 511, 512, 513, 514, 515, 516, 517, 518, 520, 521, and 522; and,

E. 'commission district 5' shall be composed of the following precincts in Bernalillo county: 286, 291, 292, 293, 294, 295, 296, 316, 317, 322, 323, 326, 327, 416, 417, 463, 464, 471, 472, 473, 474, 475, 476, 477, 478, 503, 504, 505, 519, 531, 532, 533, 534, 535, 536, 541, 542, 543, 544, 545, 547, 548, 549, 551, 552, 553, 554, 555 and 556."

Section 5. Section 15–37–4 NMSA 1953 (being Laws 1899, Chapter 30, Section 1, as amended) is amended to read:

"15–37–4. ELECTION—TERM—

A. At each general election in New Mexico there shall be elected three county commissioners in each county, except in those counties having a population of more than one hundred thousand, as shown by the most recent decennial census, and having a final, full assessed valuation in excess of seventy-five million dollars ($75,000,000) where there shall be elected five county commissioners.

B. In accordance with the provisions of Section 15–37–3.2 NMSA 1953, at the first general election after the effective date of this act, commissioners from commission districts 3 and 4

shall be elected for terms of two years; commissioners from commission districts 1 and 5 shall be elected for terms of four years; and the commissioner from commission district 2 shall be elected for a term of six years; thereafter, each county commissioner shall be elected for a term of four years."

The said act appears as Chapter 21 of the session laws of the State of New Mexico of 1974.

The Supreme Court of the State of New Mexico, in considering an Original Mandamus Proceeding in March of this year in the cause entitled "State of New Mexico on the relation of Ira S. Robinson vs. Honorable Bruce King, Governor of the State of New Mexico," determined that the county commissioners have no authority to set up the commissioners districts and has already passed on the validity of the Bernalillo County ordinances.

Plaintiff applied to this Court for the creation of a three-judge Federal Court pursuant to 28 U.S.C. Sections 2281 and 2284 in that the plaintiff was seeking an injunction restraining an enforcement of a State Statute and an amendment to the State Constitution. Because of the necessity for speed, since this claim would affect the approaching June 4, 1974, New Mexico primary elections, a three-judge court was empaneled on a presumption, but subject to review, that a substantial Federal Constitutional claim was raised by the plaintiff's claim, thereby providing the three-judge court with jurisdiction. Oral argument was heard as to the merits of the claim of the plaintiff by the three-judge panel. The three-judge panel determined that a substantial Federal Constitutional question was not raised and therefore it had no jurisdiction over the plaintiff's claim.

By reason of the foregoing the three-judge court was dissolved and the matter was referred to the Honorable H. Vearle Payne for final disposition.

It might be well to start out by saying what is not involved in this case.

There is no question about the passage of the constitutional amendment or of the State Statute. There is no contention that the districts involved discriminated against any minority group. There is no allegation that there is any improper classification or districting by reason of the numbers of voters involved. The sole and only question that is raised in this case is whether or not there is a discrimination against the plaintiff or people similarly situated in connection with their vote for a county commissioner.

The Court after careful consideration, has come to the conclusion that the question of the one-man one-vote rule simply does not exist in this case. There is no allegation and no proof that the plaintiff doesn't have an equal vote with every other voter in the district in which he resides. His sole contention is that in counties other than Bernalillo County they only elect three county commissioners and that everyone in the county gets to vote on all three commissioners whereas Bernalillo County has been divided into five districts and will have five county commissioners. The voters in each district will vote for one commissioner to represent the district involved but will not vote for or against the county commissioners in other districts. The contention of the plaintiff is that his vote is watered down and diluted and that it unjustly discriminates against him and voters similarly situated in violation of the Fourteenth Amendment to the Federal Constitution.

The plan and classification adopted by the Legislature of New Mexico provides that in counties, other than Bernalillo County, three commissioners shall be elected and that each voter will vote for all three commissioners. In other words, the voter in the other county gets one vote on each of three commissioners but the voters from other commissioner districts also get to vote on the commissioner. The voters in other counties might contend that their vote is watered down or diluted because people in other commissioner districts get to vote on the

commissioner from their district. However, the Court does not see anything wrong with that situation. Nor does the Court see anything wrong where every voter gets one vote for one commissioner from the district in which the voter resides. There is no watering down nor diluting of the vote. In the opinion of this Court the amendment to the Constitution of the State of New Mexico and the statutory provisions are valid and they are not in contravention of the Fourteenth Amendment to the Constitution of the United States. In the opinion of this Court judgment should be for the defendants and against the plaintiff. This Court was unable to find a case directly in point. In passing the Court might state that there was evidence introduced that indicated that the voters in the Northeast Heights really had great weight in the election of the county commissioners for the entire county and that other portions of the county and particularly the Southwest Valley did not have much weight in the determination of who the county commissioners should be and especially in electing a county commissioner for their section of the county. The Court did not try to go behind the amendment to the State Constitution nor the statute of the State legislature but it did consider what effect they would have on the situation. It appears that the people in each district of the county will now elect their county commissioner and they will not be subject to an overriding vote of the voters in some other area of the county. In other words the amendment to the State Constitution and the statute really prevent invidious discrimination.

As mentioned before, the question in the instant case is whether any discrimination against the plaintiff will result from the classification herein providing for two separate voting procedures in the county commission elections within the State of New Mexico. Different voting rights by the rural citizens and citizens of metropolitan areas was the subject matter of a recent Tenth Circuit opinion. *See* Lindauer v. Oklahoma City Urban Renewal Authority, 452 F.2d 117 (1972). In that case it was stated as follows:

> "It is well established that many statutory classifications may be created which do not violate equal protection. Only invidious discrimination offends the United States Constitution. If a rational relationship between the classification and the attainment of a valid public purpose exists the enactment will be sustained. Application of a law to a locality of a particular population classification is not invalid unless the classification is purely arbitrary, oppressive or capricious." 452 F.2d 117, 118 (1972) (citations omitted)

Furthermore, it has recently been determined in the United States Supreme Court that "multimember districts are not per se unconstitutional, nor are they necessarily unconstitutional when used in combination with single member districts in other parts of the State." White v. Regester, 412 U.S. 755, 765, 93 S.Ct. 2332, 2339, 37 L.Ed.2d 314 (1973).

Bernalillo County, in the terms of the White case, would contain five single member districts insofar as county commissioners is concerned. That is, each voter votes for and is represented by a single county commissioner from his district. The remaining counties that are not of 100,000 population and $75,000,-000 in assessed value are multimember districts, that is, each voter votes for and is represented by three county commissioners.

The Court finds that this classification between the more heavily populated counties with a greater variety of needs of the populace, both social and economical, as determined by what section of the county the commissioner resides in and the more rural counties where the needs of the general populace are likely to be similar provides a valid classification, a natural and genuine one, having a substantial and reasonable relation to the subject matter involved. The subject matter herein was to assure that the di-

**1136**

verse economical and social interest of the electorate found in a metropolitan type area, as opposed to a rural one, have a representative on the county commission elected by residents from his district without voting influence from surrounding districts with different economical and social interest. This is simply the prevention of and not the creation of invidious discrimination.

It should be noted in passing that the three-judge court decided that no substantial constitutional question was involved in this case. Due deference is made to that opinion. This Court is merely deciding that there is no constitutional question, substantial or otherwise. An order will be entered dismissing this case. Let an order issue accordingly.