Malcolm DILLON, Plaintiff-Appellant,

v.

Ernestine EVANS, Secretary of State,
Defendant-Appellee.

No. 76–1477.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 3, 1977.

Decided Feb. 10, 1977.

184

Malcolm Dillon, pro se.

Toney Anaya, Atty. Gen., Charles E. Roybal, Asst. Atty. Gen., Santa Fe, N.M., filed memorandum in support of summary action on behalf of defendant-appellee.

Before PICKETT, Senior Circuit Judge, and McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

Appellant Dillon filed suit in the United States District Court for the District of New Mexico challenging the constitutionality of portions of the New Mexico Primary Election Law, N.M.S.A. § 3–8–1, et seq. Included was a request that the district court convene a three-judge court pursuant to 28 U.S.C. § 2281 and § 2284 to consider the challenge to the New Mexico statutes. Dillon's first attempted appeal in this case was dismissed for the reason that the order appealed from was not final and appealable. See Dillon v. Evans, unpublished No. 75–1874 (10th Cir. filed March 2, 1976). The district court has now entered its final order denying convention of the three-judge court and dismissing Dillon's action for failure to state a claim. We affirm.

Although Dillon lists several questions for our consideration we construe this appeal to involve only two issues: 1) whether the district court erred in failing to convene a three-judge court; and 2) whether the district court erred in its conclusion that Dillon's complaint failed to state a claim upon which relief could be granted. Dillon's theory regarding the constitutionality of the New Mexico Primary Election Law is this: The Primary Election Law requires that individuals wishing to have their names appear on a particular political party's primary election ballot file nominating petitions containing a given number of signatures. The Election Law violates the Equal Protection Clause of the United States Constitution because the required number of signatures varies according to the particular political party involved. This variance occurs because the number of required signatures is based upon a percentage of what is theoretically the particular political party's membership. Dillon complains that Democrats seeking nomination face an unconstitutionally more onerous burden than do other political party candidates because the greater number of Democrats in New Mexico requires that a greater number of signatures be obtained on nominating petitions.

■ The threshold question here is, of course, whether the district court erred in refusing to convene a three-judge court to rule on the merits of Dillon's complaint. A single judge district court may properly refuse to convene a three-judge court if the constitutional issues raised are insubstantial. Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); Lindauer v. Oklahoma City Urban Renewal Authority, 452 F.2d 117 (10th Cir. 1972), cert. denied, 405 U.S. 1017, 92 S.Ct. 1293, 31 L.Ed.2d 479; Bertha Bright v. Dr. Hayden H. Donahue, unpublished No. 75–1845 (10th Cir. filed Dec. 16, 1976). Constitutional questions may be deemed insubstantial only if "obviously without merit" or their "unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." Ex parte Poresky, 290 U.S. 30 at 32, 54 S.Ct. 3 at 4, 78 L.Ed. 152 (1933). Our determination of the three-judge court issue thus requires that we look to the merits of Dillon's complaint.

■ The constitutionality of statutes requiring nominating petitions, or their functional equivalent, which contain a number of signatures equal to a percentage of total voters is beyond question. See, Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39

L.Ed.2d 714 (1974); *Jenness v. Fortson,* 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 544 (1971). Here, the percentage requirement is based upon the number of voters associated with a particular political party. We think this factor makes no difference.

Dillon's complaint is that aspiring Democratic candidates are discriminated against. Only invidious discrimination violates the United States Constitution. The New Mexico statute under attack here must be sustained if a valid public purpose can be shown for the statute. *Lindauer v. Oklahoma City Urban Renewal Authority, supra* at 118. With regard to placement of names on general election ballots, states may impose upon minor political parties the precondition of demonstrating, through a means such as the nominating petitions under attack here, the existence of some reasonable quantum of voter support. *See, Lubin v. Panish,* 415 U.S. 709, 718, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974). Here we are concerned with a primary election ballot, but the purpose to be served, i.e., limitation of the number of names on the ballot, remains a valid consideration. The number of signatures required for Democratic candidates is simply not sufficiently onerous to render the election law under attack invidiously discriminative. *Cf., American Party of Texas v. White,* 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974). Based upon the above cited United States Supreme Court decisions, we are convinced that the New Mexico Primary Election Law does not violate the Equal Protection Clause. *See also, Dillon v. King,* 87 N.M. 79, 529 P.2d 745 (1974).

Returning now to the three-judge court question, we must decide whether the insubstantiality of Dillon's complaint was sufficiently obvious to justify a single judge in denying convention of a three-judge court. We believe existing case law, as discussed above, makes immediately obvious the untenable argument Dillon is advancing. The district court's refusal to convene a three-judge court was accordingly correct.

When this appeal was docketed, the parties were notified that it was to be assigned to Calendar D where our review would be on the record of proceedings before the district court and without oral argument. As a result, both have now submitted memoranda in support of their respective positions. Having carefully reviewed these memoranda and the files and records in this case, we are convinced that the judgment of the district court is correct.

Affirmed.