**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES T. PARKER,

       Plaintiff - Appellant,

v.

BRAD WINTER, in his official
capacity as New Mexico Secretary of
State,[*]

       Defendant - Appellee,

and

STATE OF NEW MEXICO, ex rel
HECTOR H. BALDERAS, New
Mexico Attorney General,

       Defendant Intervenor -
Appellee.

No. 15-2088
(D.C. No. 14-CV-00617)
(D.N.M.)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

      Plaintiff-Appellant James T. Parker appeals from the district court's

---

[*] Pursuant to Fed. R. App. P. 43(c)(2) Dianna J. Duran is replaced by Brad
Winter in his official capacity as New Mexico Secretary of State.

[**] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

judgment dismissing his complaint for declaratory and injunctive relief. Parker v. Duran, No. 14-cv-617 MV-GBW (D.N.M. Apr. 30, 2015). The district court had previously denied Mr. Parker's motions for a temporary restraining order and injunctive relief. Parker v. Duran, No. 14-cv-617 MV-GBW, 2014 WL 7653394 (D.N.M. Aug. 7, 2014). Mr. Parker challenged New Mexico's requirement that a prospective independent party candidate must obtain more signatures on a nominating petition (three percent of the total votes cast for governor at the last preceding general election at which a governor was elected) than a minor party candidate (one percent of such votes cast). N.M. Stat. Ann. 1987 §§ 1-8-51(E); 1-8-2(C). He argued that the greater requirement for an independent party candidate violated his First and Fourteenth Amendment rights, and the New Mexico Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and we need not restate them here. Our review of constitutional facts and law is de novo. Revo v. Disciplinary Bd. of the Supreme Court, 106 F.3d 929, 932 (10th Cir. 1997); see also Chandler v. City of Arvada, 292 F.3d 1236, 1240-41 (10th Cir. 2002).

We first consider jurisdiction. Mr. Parker did not initially discuss his intention to run for office at any point in the future. He now seeks to amend his complaint to state that he plans to run for office again as an independent candidate. Because we decide the case is not moot, the motion is denied.

"Our jurisdiction under Art. III, § 2, of the Constitution extends only to actual cases and controversies." Neb. Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976). In determining whether a case or controversy exists, we ask "whether granting a *present* determination of the issues offered will have some effect in the real world." Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1110 (10th Cir. 2010) (quoting Wyoming v. U.S. Dep't of Agric., 414 F.3d 1207, 1212 (10th Cir. 2005)). Although mootness generally requires a live case or controversy, there are exceptions — we have jurisdiction over cases which are "capable of repetition, yet evading review." S. Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911). Claims fall within this exception when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975). The 2014 election has passed and relief specific to that election could have no effect in the real world. Therefore, for our jurisdiction to arise, the case must fall within the category of cases capable of repetition yet evading review.

Within the context of constitutional challenges to election laws, we often analyze interlocutory appeals from the denial of motions for preliminary injunctions. We have little guidance in the context of an appeal of a final judgment denying injunctive and declaratory relief. But see Pearlman v. Vigil-

Giron, 71 F. App'x 11, 14 (10th Cir. 2003). This procedural distinction is significant because "[w]hether the [capable of repetition yet evading review] exception applies can depend on the posture of the case on appeal." Fleming v. Gutierrez, 785 F.3d 442, 446 (10th Cir. 2015). In Thournir v. Buchanan, 710 F.2d 1461 (10th Cir. 1983), and Fleming v. Gutierrez, 785 F.3d 442 (10th Cir. 2015), we determined that interlocutory appeals from the denial of motions for preliminary injunctions were moot. In both cases, the parties' claims for either a permanent injunction or declaratory relief remained pending in the district court. Because review was not only possible but also likely to occur in the pending cases, the issues would not evade review.

Unlike Thournir and Fleming, this is not an interlocutory appeal. Each claim raised by Mr. Parker has been dismissed by the district court. The claims are likely to recur and evade review. "Challenges to election laws are one of the quintessential categories of cases" capable of repetition yet evading review "because litigation has only a few months before the remedy sought is rendered impossible by the occurrence of the relevant election." Lawrence v. Blackwell, 430 F.3d 368, 371 (6th Cir. 2005). This is true even though Mr. Parker raises an 'as applied' challenge. See Storer v. Brown, 415 U.S. 724, 737 n.8 (1974) ("The 'capable of repetition, yet evading review' doctrine, in the context of election cases, is appropriate when there are 'as applied' challenges as well as in the more typical case involving only facial attacks.")

- 4 -

Less clear is whether there is a reasonable expectation that Mr. Parker would be subjected to the same action again. It is key to remember that "[o]ur concern in these cases" is whether "the controversy was *capable* of repetition and not . . . whether the claimant had demonstrated that a recurrence of the dispute was more probable than not." Honig v. Doe, 484 U.S. 305, 319 n.6 (1988). Although there is no evidence in the record that Mr. Parker intends to run for elected office again, the second factor is likely satisfied because "he is certainly capable of doing so, and under the circumstances it is reasonable to expect that he will do so." Lawrence, 430 F.3d at 371; see also Norman v. Reed, 502 U.S. 279, 287-88 (1992).

Turning to the merits, we affirm the judgment of the district court for substantially the same reasons set forth in its Memorandum Opinion and Order of April 30, 2015. The district court cogently addressed Mr. Parker's claims and explained why they are without merit.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge