**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD SATISH EMRIT,

    Plaintiff - Appellant,

v.

MAGGIE TOULOUSE OLIVER,
Secretary of State of New Mexico;
DEMOCRATIC PARTY OF NEW
MEXICO,

    Defendants - Appellees.

No. 18-2019
(D.C. No. 1:17-CV-01024-JCH-GBW)
(D. N. M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

    Plaintiff-Appellant Ronald Satish Emrit appeals the district court's dismissal

of his second amended complaint. We AFFIRM.

**I**

    Reading Emrit's pro se pleadings liberally, as we must, Gaines v. Stenseng,

292 F.3d 1222, 1224 (10th Cir. 2002), we construe his second amended complaint as

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bringing claims pursuant to 42 U.S.C. § 1983, alleging due process and equal protection violations under the Fourteenth Amendment. McCarthy v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law."); App., at 69. Emrit also brings a claim under Title VII of the 1964 Civil Rights Act.

Emrit alleges that Defendants violated his constitutional rights "by refusing to place him on the ballot for the primary and general presidential election in 2016." App., at 41. Emrit claims he "was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election." Id. at 58. Emrit contends "there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in" the State of New Mexico "for the primary and general elections in 2016" and 2020. Id. at 60. Emrit seeks $250,000 in damages, as well as "the equitable remedy of an injunction or specific performance mandating that the plaintiff Ronald Emrit be allowed to be placed on the ballot for the primary and general presidential election in this state in the year 2020." Id. at 63–64.

The district court dismissed Emrit's second amended complaint for failure to state a claim and held that, under the Eleventh Amendment, the New Mexico Secretary of State is immune from damages claims in her official capacity. Emrit

2

now seeks review of the district court's decision. Emrit argues that he should "be placed on [the] ballot in [the] [S]tate of New Mexico as an independent candidate for both the primary and general elections in 2020 without having to obtain a minimum number of petitions and/or signatures." Aplt. Op. Br., at 2.

## II

We first address whether we have jurisdiction over Emrit's appeal which challenges action that barred his placement on the 2016 ballot. "Our jurisdiction under Art. III, § 2, of the Constitution extends only to actual cases and controversies." Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976). We may also review cases "capable of repetition, yet evading review." Weinstein v. Bradford, 423 U.S. 147, 148 (1975). This doctrine applies when: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again." Id. at 149. "The 201[6] election has passed and relief specific to that election could have no effect in the real world. Therefore, for our jurisdiction to arise, the case must fall within the category of cases capable of repetition yet evading review." Parker v. Winter, 645 F. App'x 632, 634 (10th Cir. 2016) (unpublished).

Because we read Emrit's allegations as challenging requirements imposed on individual candidates by New Mexico election laws, we conclude we have jurisdiction over this appeal. See id. at 635 ("'Challenges to election laws are one of the quintessential categories of cases' capable of repetition yet evading review

3

'because litigation has only a few months before the remedy sought is rendered impossible by the occurrence of the relevant election.'") quoting Lawrence v. Blackwell, 430 F.3d 368, 371 (6th Cir. 2005)); Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1306 n.1 (10th Cir. 2007) ("Even though the case for an injunction became moot after the election date had passed, the principal controversy—whether the New Mexico ballot access scheme for minor party candidates is constitutional—continues to affect the Libertarian Party.").[1]

## III

Turning to the merits of Emrit's appeal, we affirm the district court's judgment.[2] Emrit alleges, "there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in" the State of New Mexico "for the primary and general elections in . . . 2020 . . . as an independent candidate or a Democratic candidate." App., at 60. Because he was allegedly subjected to a signature requirement, and will presumably be subjected to the same prerequisite in the future, Emrit claims, "defendants have

---

[1] Plaintiffs in Parker and Libertarian Party sought, among others, declaratory relief. See Parker, 645 F. App'x at 633; Libertarian Party, 506 F.3d at 1305–06 n.1. We liberally construe Emrit's requested relief that New Mexico election officials place his name on the primary and general election ballots for the 2020 presidential election without meeting a signature condition, App., at 63–64, as encompassing a request for declaratory judgment. We could not grant Emrit's requested relief without first holding unconstitutional New Mexico State's signature requirement. Such a claim remains justiciable. See Libertarian Party, 506 F.3d at 1305–06 n.1.

[2] "We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

4

violated" his constitutional rights.  Id.  That is, Emrit contends a signature requirement in the State of New Mexico, in and of itself, is unconstitutional.

However, signature requirements have been upheld as constitutional.  See, e.g., Jenness v. Fortson, 403 U.S. 431, 442 (1971) (upholding Georgia election code provision requiring minor party candidate to obtain signatures of at least 5% of eligible voters to be placed on general election ballot); Rainbow Coal. of Okla. v. Okla. State Election Bd., 844 F.2d 740, 744 (10th Cir. 1988) (upholding Oklahoma 5% signature requirement based on voter turnout in previous general election for minor party recognition and stating "the five percent requirement itself is undeniably constitutional"); Dillon v. Evans, 549 F.2d 183, 184 (10th Cir. 1977) ("The constitutionality of statutes requiring nominating petitions, or their functional equivalent, which contain a number of signatures equal to a percentage of total voters is beyond question.") (analyzing New Mexico Primary Election Law).

Indeed, the Supreme Court has held that states have an "important interest in requiring some preliminary showing of a significant modicum of support before printing the name of a political organization's candidate on the ballot—the interest, if no other, in avoiding confusion, deception, and even frustration of the democratic process at the general election."  Munro v. Socialist Workers Party, 479 U.S. 189, 193–94 (1986) (quotation omitted); Clements v. Fashing, 457 U.S. 957, 965 (1982) ("States have important interests in protecting the integrity of their political processes from frivolous or fraudulent candidates, in ensuring that their election processes are

5

efficient, in avoiding voter confusion caused by an overcrowded ballot, and in avoiding the expense and burden of run-off elections.").

Thus, contrary to Emrit's allegations, a signature requirement is not a per se constitutional violation.  Of course, not every signature obligation will be constitutional, but on the record presented Emrit only raises a general challenge to the signature requirement imposed by the State of New Mexico.  On this record, we cannot conclude that New Mexico's signature condition or ballot-access scheme is unconstitutional as a matter of law.  "[T]he election laws of a given state" must be "viewed in their totality," Arutunoff v. Okla. State Election Bd., 687 F.2d 1375, 1379 (10th Cir. 1982), which consists of a "highly fact specific inquiry," Libertarian Party, 506 F.3d at 1308; see also Utah Republican Party v. Cox, 885 F.3d 1219, 1238 (10th Cir. 2018) ("[T]here is no hard-and-fast rule as to when a restriction on ballot eligibility becomes an unconstitutional burden.").  However, Emrit has not pled enough factual allegations to support a claim "that the New Mexico ballot-access law is unconstitutionally burdensome." Libertarian Party, 506 F.3d at 1311.

**IV**

Having responded to what we view as the main thrust of Emrit's § 1983 claim, we also agree with the district court that Emrit has failed to state a claim under Title VII. We therefore AFFIRM the district court in all regards.

Entered for the Court


Mary Beck Briscoe
Circuit Judge