**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LIBERTARIAN PARTY OF NEW
MEXICO; SIEBERT ICKLER;
MICHAEL BLESSING; JOHN
PFERSICH; STAN RACZYNSKI,

Plaintiffs - Appellants,

v.

No. 06-2303

MARY HERRERA, in her official
capacity as Secretary of the State of
New Mexico; MARGARET C.
TOULOUSE, in her official capacity
as County Clerk of Bernalillo County,
New Mexico,[*]

Defendants - Appellees.

**ORDER**

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

[*]Mary Herrera succeeded Rebecca Vigil-Giron as Secretary of State of the
State of New Mexico, and is substituted as a party to this appeal.  Margaret C.
Toulouse was appointed to serve out the remaining term for Mary Herrera as
County Clerk of Bernalillo County, and is substituted as a party to this appeal.
*See* Fed. R. App. P. 43(c)(2).

Appellants' petition for rehearing is granted in part to amend the opinion filed November 7, 2007. The revised opinion, filed nunc pro tunc to November 7, 2007, is attached.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

November 7, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LIBERTARIAN PARTY OF NEW
MEXICO; SIEBERT ICKLER;
MICHAEL BLESSING; JOHN
PFERSICH; STAN RACZYNSKI,

        Plaintiffs - Appellants,

    v.

MARY HERRERA, in her official
capacity as Secretary of the State of
New Mexico; MARGARET C.
TOULOUSE, in her official capacity
as County Clerk of Bernalillo County,
New Mexico,[*]

        Defendants - Appellees.

No. 06-2303

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. CIV-06-615 MV/ACT)

Bryan Sells (Laughlin McDonald with him on the briefs), American Civil
Liberties Union, Atlanta, Georgia, for Plaintiffs-Appellants.

---

[*]Mary Herrera succeeded Rebecca Vigil-Giron as Secretary of State of the
State of New Mexico, and is substituted as a party to this appeal. Margaret C.
Toulouse was appointed to serve out the remaining term for Mary Herrera as
County Clerk of Bernalillo County, and is substituted as a party to this appeal.
*See* Fed. R. App. P. 43(c)(2).

David K. Thomson, Assistant Attorney General (Gary K. King, Attorney General of New Mexico, with him on the brief), Santa Fe, New Mexico, for Defendants-Appellees.

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

**MURPHY**, Circuit Judge.

## I.    Introduction

The Libertarian Party of New Mexico and several of its candidates for public office sought to be placed on the ballot in New Mexico for the November 7, 2006, general election.  Failing to obtain the requisite signatures required under New Mexico's election law, N.M. Stat. Ann. §§ 1-8-2(B), 1-8-3(C), the Secretary of State refused to place the candidates' names on the ballot.  The Libertarian Party and four candidates brought suit for declaratory relief against the Secretary of State and the County Clerk of Bernalillo County under 42 U.S.C. § 1983 and filed a request for a preliminary injunction, alleging New Mexico's two-petition ballot-access scheme unconstitutionally burdens their First and Fourteenth Amendment rights.  The district court granted summary judgment to the defendants and denied the Libertarian Party's Federal Rule of Civil Procedure 56(f) request for discovery.

The Libertarian Party and four of its candidates (collectively referred to here as the "Libertarian Party")[1] challenge the district court's grant of summary judgment and its denial of the Rule 56(f) motion. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

## II. Background

New Mexico classifies political parties in two separate groups for the purpose of placing candidates for public office on the ballot. Candidates (other than presidential) from "major political parties" are nominated by secret ballot in a primary election. N.M. Stat. Ann. § 1-8-1(A). To become a primary candidate, one must obtain a certain number of signatures from members of the candidate's own party. *Id.* §§ 1-8-31(C)(4), 1-8-33.[2] A major political party is defined as any

---

[1]This case remains a live case and controversy and this court has jurisdiction to adjudicate this appeal. Although the 2006 election has passed, New Mexico's ballot access provisions will continue to control the Libertarian Party's efforts to place its candidates on the ballot. The Libertarian Party sought declaratory as well as injunctive relief. Even though the case for an injunction became moot after the election date passed, the principal controversy—whether the New Mexico ballot access scheme for minor party candidates is constitutional—continues to affect the Libertarian Party. As the Supreme Court explained in *Super Tire Engineering Co. v. McCorkle*, the relevant inquiry is whether there is a substantial controversy between the parties having adverse legal interests to warrant the issuance of a declaratory judgment. 416 U.S. 115, 121–22 (1974). Because the Libertarian Party's claims for declaratory relief are justiciable, we need not determine whether the individual plaintiffs' claims for declaratory relief are moot. *See  Bd. of Educ. of Indep. Sch. Dist. No. 92 v. Earls*, 536 U.S. 822, 827 n. 1 (2002) ("Because we are likewise satisfied that Earls has standing, we need not address whether James also has standing.").

[2]The number of votes needed varies depending on the office. For
(continued...)

qualified party[3] which had at least one candidate who received at least five percent of the total number of votes in the preceding general election for governor or president of the United States.  *Id.* § 1-1-9(A).

Candidates from "minor political parties" must take a different route to the ballot.  A minor party nominates its candidates by the manner prescribed in its internal party rules and regulations.  *Id.* § 1-8-1(B).  After the party nominates its candidates, an appropriate party official must certify the names of the candidates to the secretary of state or county clerk.  *Id.* §§ 1-8-2(A), 1-8-3(A) & (B).  This certification must be accompanied by a petition containing a list of signatures and addresses of voters for each candidate.  *Id.* §§ 1-8-2(B), 1-8-3(C).  Candidates must obtain signatures equivalent to at least one percent of the votes cast in the

_____

[2](...continued)
candidates seeking preprimary convention designation in a statewide or congressional race, nominating petitions must be signed by a number of voters equal to at least two percent of the total vote of the candidate's party in the state or congressional district, or the following number of votes, whichever is greater: for statewide offices, two hundred thirty voters and for congressional candidates, seventy-seven voters.  *Id.* § 1-8-33(B).  Candidates for other offices must obtain petitions signed by at least three percent of the total vote of the candidate's party in the district or division or an alternative statutory number of votes if greater. *Id.* § 1-8-33(C).

[3]Any party which appeared on the 1988 general election ballot is automatically deemed a qualified party, so long as it has not been disqualified under N.M. Stat. Ann. §1-7-2(C), which is not at issue in this case.  Other parties must adopt internal rules and regulations, obtain the requisite petition signatures, and file these documents with the state.  *Id.* § 1-7-2(A).

last election for governor or president.[4] *Id.* §§ 1-8-2(B), 1-8-3(C). Minor

political parties are defined as any qualified party which has not obtained the

status of major political party. *Id.* § 1-1-9(B). To become a minor political party,

a political group must file a new-party petition to obtain recognition. *Id.*

§ 1-7-2(A). The petition must contain the signatures of one-half of one percent of

the total number of votes cast in the state in the last preceding general election for

governor or president. *Id.* The upshot is that political groups which have not yet

obtained minor party status must go through two rounds of petitioning: one to

become a minor party and then one for each of the candidates it nominates.

The Libertarian Party of New Mexico filed its new-party petition with the

Secretary of State in November 2005. Minor political party status was granted in

April 2006. Thereafter, the party held a convention and nominated candidates for

public office. The party certified its nominees to the Secretary of State, but failed

to obtain the candidate petition required for each candidate by N.M. Stat. Ann.

§ 1-8-2(B). When the Secretary of State refused to place the Libertarian Party

candidates on the ballot, the party and the candidates filed suit under 42 U.S.C.

§ 1983. The Libertarian Party sought a declaration that New Mexico's two-

---

[4]The number of signatures needed is pegged to the office sought. For
statewide offices, a minor party candidate must obtain one percent of the votes
cast in the last election for president or governor throughout the state. N.M. Stat.
Ann. §§ 1-8-2(B)(1), 1-8-3(C). For non-statewide offices, the minor party
candidate must obtain signatures equaling one percent of the number of votes cast
for governor or president within the particular district. *Id.* §§ 1-8-2(B)(2),
1-8-3(C).

petition system violated the Constitution and a preliminary injunction mandating the placement of their candidates on the ballot. The Libertarian Party alleged the two-petition ballot-access system, which requires the party to first show a modicum of support and then show additional support for each candidate, imposes a substantial burden on the party's ability to have its nominees appear on the general election ballot.

The Secretary of State filed a motion for summary judgment on August 17, 2006, approximately five weeks after the complaint was filed. The Libertarian party requested more time for discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In a September 2006 order, the district court denied the Rule 56(f) motion. The district court then granted summary judgment to the defendants.

## III. Discussion

### A. *Rule 56(f) motion*

In response to the Secretary of State's motion for summary judgment, the Libertarian Party attached an affidavit pursuant to Fed. R. Civ. P. 56(f), arguing that discovery was needed before the court could rule on the motion for summary judgment. The affidavit stated with more time, the plaintiffs would:

> present expert and lay witness affidavits, answers to
> interrogatories, admissions, and documentary evidence
> that will create a genuine issue with respect to: (a) the
> character and magnitude of the burdens that New
> Mexico's two-petition ballot-access scheme for new

political parties imposes on the plaintiffs' First and Fourteenth Amendment rights; (b) the legitimacy and strength of any interests which the defendants may offer as justification for the scheme; and (c) the extent to which those interests make it necessary to burden the plaintiffs' rights.

Aplt's App. at 81 (Aff. of Bryan L. Sells). The affidavit went on to state the Libertarian Party would specifically show that the magnitude of the burden is severe, the interests offered by New Mexico are not compelling, and the scheme is not necessary to advance New Mexico's interest. In its response to the motion for summary judgment, the Libertarian Party stated it would seek historical evidence regarding the burdens New Mexico's election laws place on new minor party candidates.

The district court denied the Rule 56(f) motion, finding historical evidence was not necessary to assess the character and magnitude of the burdens created by New Mexico's ballot access scheme. The Libertarian Party challenges the denial of their request for discovery. This court reviews the denial of a Rule 56(f) motion for an abuse of discretion. *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006).

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or

-7-

discovery to be had or may make such other order as is just.

The Libertarian party argues that under Supreme Court precedent to resolve the merits of its ballot-access claim, a district court must engage in a fact specific inquiry and examine the burdens placed on candidates and parties. *See Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). Appellants submit that historical evidence showing the burdens faced by other similarly situated minor party candidates would prove a severe burden which is not outweighed by any state interest.

The Secretary of State, echoing the district court's ruling, counters that historical evidence is not necessary because the New Mexico ballot-access scheme is constitutional as a matter of law. Relying on *Jenness v. Fortson*, 403 U.S. 431, 442 (1971), and *American Party of Texas v. White*, 415 U.S. 767, 787 (1974), the Secretary of State contends the New Mexico petition requirement is constitutional because more burdensome petition requirements were upheld in those cases. In *Jenness* the Court upheld a Georgia requirement that minor party candidates collect signatures equaling at least five percent of the total number of voters eligible to vote in the last election for the particular office. 403 U.S. at 433, 442. The Court upheld a similar Texas requirement in which minor party candidates had to demonstrate support from a number of voters equaling at least one percent of the total vote cast for governor in the last preceding election with

more stringent requirements on who qualified to sign a minor party candidate's petition. *Am. Party of Texas*, 415 U.S. at 776, 787–88. Further, this circuit upheld Oklahoma's five-percent petition requirement for minor party recognition, noting the percent of support required was "undeniably constitutional." *Rainbow Coal. of Okla. v. Okla. State Election Bd.*, 844 F.2d 740, 744 (1988).

The district court's conclusion that historical evidence was not needed in light of *Jenness* and *American Party of Texas* appears to turn the *Anderson* balancing test into a bright line test, ignoring the highly fact specific inquiry required. We need not, however, resolve this issue. The district court did not abuse its discretion when it denied the Libertarian Party's Rule 56(f) motion because the motion failed to identify any specific facts which would create a genuine issue of material fact. A party seeking to defer a ruling on summary judgment under Rule 56(f) must "file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Trask*, 446 F.3d at 1042 (quotation omitted). A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must "state with specificity how the additional material will rebut the summary judgment motion." *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

The Libertarian Party's Rule 56(f) affidavit fails to meet the specificity required by this court. The affidavit does not identify any specific facts the

Libertarian Party sought to uncover or how it will rebut the Secretary of State's motion for summary judgment. The affidavit merely recites the legal standards put forth in *Anderson* and the need for general evidence to support its claim. For example, an affidavit which asserts, as the affidavit does in this case, that the plaintiff will "present evidence which will probably establish the fact that . . . the magnitude of the burdens is severe. . ." neither informs the district court of "probable *facts* not available" nor shows how this evidence will rebut the Secretary of State's motion for summary judgment. Based on the affidavit's lack of specificity, the district court did not abuse its discretion in denying the request for discovery.

*B. Summary Judgment*

The Libertarian Party argues even without additional time for discovery, the record did not establish the defendants were entitled to summary judgment. This court reviews a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *Schulz v. City of Longmont*, 465 F.3d 433, 437 (10th Cir. 2006). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material

fact and entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If, however, the moving party does not bear the burden of persuasion at trial, it need not negate the nonmovant's claim.  *Id.* at 325.  Such a movant may make its prima facie demonstration by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim.  *See id.*

If the movant meets this initial burden, the burden then shifts to the nonmovant to "set forth specific facts" from which a rational trier of fact could find for the nonmovant.  Fed. R. Civ. P. 56(e); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–90 (1990); *Celotex*, 477 U.S. at 324.  To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein.  *Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Under the *Anderson v. Celebrezze* balancing test, a court:

> must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate.  It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule.  In passing judgment, the [c]ourt must not only determine the legitimacy and strength of each of those interests, it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights.  Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional.

460 U.S. 780, 789 (1983); *see also Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (affirming the *Anderson* standard).

State statutes which restrict the access of political parties to the ballot implicate associational rights as well as the rights of voters to cast their votes effectively. *Munro v. Socialist Workers Party*, 479 U.S. 189, 193 (1986). These associational rights, however, are subject to state limitation. The Supreme Court has held that a state has an important interest in requiring "a significant modicum of support before printing the name of a political organization's candidate on the ballot–the interest, if no other, in avoiding confusion, deception, and even frustration of the democratic process at the general election." *Id.* (quotation omitted); *see also Rainbow Coal. of Okla.*, 844 F.2d at 743.

Under this paradigm, the Secretary of State met her initial burden by demonstrating the absence of evidence supporting the Libertarian Party's First and Fourteenth Amendment claims. The Libertarian Party alleged that the one-half percent party petition requirement, when combined with the one and one-half percent candidate-petition, was unconstitutionally burdensome. It failed, however, to offer any evidence to support this claim. The candidates themselves did not attempt to obtain the signatures and therefore proffered no testimony as to the burdens the requirement placed on them. Affidavits from other similarly situated minor party candidates, such as the Green Party, were not obtained to establish the character and magnitude of the injury imposed by the candidate

-12-

petition. Although the Libertarian Party moved for a preliminary injunction, at the time of summary judgment it had obtained no affidavits or deposition transcripts and had not provided the district court with any exhibits that contained facts to create a disputed material fact. *See Alder*, 144 F.3d at 671.

To support its argument that the district court erred in granting the Secretary of State summary judgment, the Libertarian Party argues that the district court overlooked facts in the record from which a reasonable factfinder could find for the plaintiff. Specifically, the Libertarian Party argues the petition scheme held constitutional in *American Party of Texas* required candidates to obtain 22,000 signatures, a number fewer than the raw number of signatures required by New Mexico law. From this, the Libertarian Party reasons a factfinder could find the New Mexico law was more burdensome. In New Mexico, the party petition alone required the Libertarian Party to obtain more than 38,000 signatures; in addition, the candidates still had to satisfy the one-percent candidate-petition requirement.

This argument was never presented to the district court and is, therefore, not preserved for appeal. As a general rule a federal appeals court will not consider an issue "not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). This court has held that an argument which may be inferred from a trial exhibit, but was not otherwise discussed or argued, will not be considered on appeal. *N. Natural Gas Co. v. Hegler*, 818 F.2d 730, 734 (10th Cir. 1987); *see*

-13-

*also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993). The Secretary of State introduced an exhibit which included the canvass results from the 2004 general election. From this exhibit, the raw numbers needed for a Libertarian Party candidate to obtain access to the ballot can be deduced. The Libertarian Party, however, failed in the district court to argue that the raw numbers, in comparison with those in *American Party of Texas*, could lead a factfinder to conclude that the New Mexico ballot access scheme is unconstitutionally burdensome. This argument is therefore foreclosed.[5]

Without any evidence to prove that the New Mexico ballot-access law is unconstitutionally burdensome to minor party candidates, there was no genuine issue of material fact for trial as to an essential element of the Libertarian Party's claim. The Secretary of State met her initial burden and the Libertarian Party failed to offer evidence from which a reasonable factfinder could rule in its favor. Therefore, the district court properly granted summary judgment for the Secretary of State and County Clerk.

---

[5]The Libertarian Party also argues the district court erred by concluding New Mexico's proffered rationale for the two-petition ballot access scheme—avoiding voter confusion which results from ballot clutter—was legitimate. Specifically, it argues the rationale cannot support both the party-petition in *addition* to the candidate-petition requirement. Because the Libertarian Party failed to create a genuine issue of material fact with regard to the character and magnitude of the injury, an essential element to their case, we need not address the state's proffered interest.

## IV. Conclusion

For the foregoing reasons, this court **affirms** the district court's denial of the Plaintiff's Rule 56(f) motion and grant of summary judgment to the Defendants.