**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY R. RULEFORD,

             Plaintiff - Appellant,                    No. 06-5205

      v.                                               (N.D. Oklahoma)

TULSA WORLD PUBLISHING                          (D.C. No. 04-CV-749-JHP-FHM)
COMPANY,

             Defendant - Appellee.

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **SEYMOUR**, and **MURPHY**, Circuit Judges.

      Gary Ruleford was hired by Tulsa World Publishing Company ("Tulsa

World") in 1971. He began his career as a salesman and rose to the position of

advertising manager for the classified section of the newspaper. In 2004, Tulsa

World President Robert E. Lorton, III fired Ruleford. Ruleford was fifty-five

years old at the time of his termination. Ruleford initiated this lawsuit against his

former employer, alleging Tulsa World violated the Age Discrimination in

---

      [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and Oklahoma's Anti-Discrimination Act ("OADA"), Okla. Stat. Ann. tit. 25, § 1302 (West 2007).[1] After numerous procedural delays, the district court granted Tulsa World summary judgment.

In addition to appealing the order granting summary judgment, Ruleford seeks review of the district court orders striking sham facts in Ruleford's response to a renewed motion for summary judgment and denying Ruleford extended discovery. Ruleford fails to identify any reversible error. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm**.

## I.    BACKGROUND

When Ruleford was fired by Tulsa World, Lorton explained to him that Tulsa World had lost faith in his ability to lead the classified department. Annual sales revenues declined by over $5,883,000.00 between Ruleford's first full year in 1999 and 2003. Concomitant with this nearly twenty percent decline, commissions increased by twenty-eight percent and payroll expenses increased by eleven percent. The classified department's performance was worse than any other advertising department. Ruleford, however, claimed Tulsa World proffered this reason as pretext for dismissing him because of his age.

---

[1]Under Oklahoma law, a tort claim can be premised on the termination of an at-will employee in violation of a public policy. *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989).

Following the commencement of this litigation, Tulsa World moved to dismiss the OADA claim under Fed. R. Civ. P. 12(b)(6), arguing Oklahoma law prohibited a plaintiff from bringing an OADA claim when an adequate federal remedy exists. The district court stayed Tulsa World's motion to dismiss pending the outcome of *Saint v. Data Exchange, Inc.*, 145 P.3d 1037, 1037 (Okla. 2006), in which the question of whether the ADEA creates an adequate remedy was certified to the Oklahoma Supreme Court.

A joint status report and scheduling order were entered in December 2004. The discovery cutoff was set for May 31, 2005. On May 6, 2005, Ruleford sent Tulsa World eighteen notices of deposition for Tulsa World employees, compelling the production of these witnesses in the sixteen business days before the discovery cutoff. The parties filed a joint application to extend the discovery deadline, pursuant to Fed. R. Civ. P. 6(b)(1). That motion was not immediately decided and the discovery deadline passed. Before the expiration of the discovery deadline, Tulsa World took Ruleford's deposition.

On June 8, 2005, with the extension of the discovery deadline motion still pending, Tulsa World filed a motion for summary judgment, complying with the deadlines in the original scheduling order. In response, Ruleford renewed his motion to extend the discovery deadline. He also moved for a Fed. R. Civ. P. 56(f) extension of discovery. The district court denied Ruleford's Rule 56(f) request, concluding he had been dilatory in discovery and failed to submit a

supporting affidavit. The district court then granted summary judgment to Tulsa World and denied as moot all pending matters, including Tulsa World's motion to dismiss the OADA claim.

Ruleford moved the court to reconsider, attaching a proposed response to Tulsa World's motion for summary judgment. The district court granted Ruleford's motion and Ruleford filed his response in opposition to Tulsa World's motion for summary judgment, attaching a sworn affidavit from Ruleford, an errata sheet to his deposition testimony, and several exhibits. Tulsa World filed a reply and moved to strike Ruleford's affidavit and errata sheet as sham. Tulsa World argued the affidavit and errata sheet materially altered Ruleford's sworn deposition testimony to create sham issues of fact in an attempt to avoid summary judgment. The district court struck the errata sheet and three paragraphs of Ruleford's affidavit as sham.

At this point in the litigation, the district court struck Tulsa World's original motion for summary judgment, ordering it to resubmit the motion. Tulsa World thereafter filed its Reurged Motion for Summary Judgment ("Reurged Motion"). Tulsa World filed an identical statement of undisputed material facts. When Ruleford filed his amended response to the Reurged Motion, however, he materially altered his factual responses, even though no new evidence was before the court. For example, Ruleford changed many of his responses to Tulsa World's statement of undisputed facts from "insufficient" or "no knowledge" to

-4-

"deny." Ruleford submitted the same affidavit, including the paragraphs previously stricken by the court.

Tulsa World moved to strike the factual changes in Ruleford's new response. Although Ruleford argued the changes were necessary to accurately reflect the testimony before the court, the district court granted Tulsa World's motion to strike. The district court then granted Tulsa World's reurged motion for summary judgment.

On appeal, Ruleford argues the district court erred in its preliminary orders by striking Ruleford's factual changes in his opposition to Tulsa World's Reurged Motion for summary judgment, denying Ruleford's motions for extended discovery, and denying Tulsa World's motion to dismiss Ruleford's OADA claim as moot.[2] Ruleford also appeals the district court's grant of summary judgment to Tulsa World.

## II. DISCUSSION

### A. Summary Judgment

We review the grant of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. *Libertarian Party of New Mexico v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007).

---

[2]The court denied this motion as moot because judgment had been entered in favor of Tulsa World on this claim. We assume the reason Ruleford contests the denial of the 12(b)(6) motion is related to his challenge of the district court's order granting Tulsa World summary judgment.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of making a prima facie demonstration of the absence of a material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Once this burden is met, the burden shifts to the nonmovant to "set out specific facts" from which a rational trier of fact could find for the nonmovant. Fed. R. Civ. P. 56(e); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884-84 (1990); *Celotex* 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of New Mexico*, 506 F.3d at 1309.

    *1.    ADEA Claim*

Under the ADEA, an employer cannot "discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff suing under the ADEA must show the challenged employment action was motivated, at least in part, by his age. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). Where the plaintiff presents circumstantial evidence of discriminatory motive, this court uses the tripartite *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973); *see Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1165-69 (10th Cir. 2000)

(applying *McDonnell Douglas* framework to an ADEA claim). Ruleford has no direct evidence of age discrimination, thus *McDonnell Douglas* applies.

Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case by showing that (1) he belonged to a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) the position was not eliminated after his discharge. 411 U.S. at 802; *Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000). If the plaintiff successfully makes a prima facie showing, the employer must articulate a legitimate, nondiscriminatory reason for the termination. *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). The burden then shifts back to the employee to demonstrate that the proffered reason is pretextual. *Id.* In determining whether pretext exists, this court examines what the decision-maker believed in good faith at the time he fired the plaintiff. *Kendrick*, 220 F.3d at 1231; *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998) (explaining no pretext exists where employer had good faith belief in reasons for adverse employment action, even if that belief was later found to be erroneous). To survive summary judgment, Ruleford was required to show there is a genuine issue of material fact as to whether he satisfied each element of the *McDonnell Douglas* framework. *Rakity v. Dillon Companies, Inc.*, 302 F.3d 1152, 1164 (10th Cir. 2002).

The district court concluded that even if Ruleford established a prima facie case of age discrimination, he failed to establish pretext. Tulsa World

-7-

successfully articulated a legitimate and non-discriminatory reason for Ruleford's termination: Tulsa World management lacked faith in Ruleford's management skills as the result of an approximate twenty-percent decline in sales revenue, while payroll and commissions increased. Tulsa World, satisfying their burden under *McDonnell Douglas*, is entitled to summary judgment unless Ruleford can "show that a genuine dispute of material fact exists as to whether the defendant's articulated reason is pretextual." *Munoz*, 221 F.3d at 1165 (quotation omitted).

Ruleford argues he established pretext because Tulsa World's reasons for termination given during litigation conflict with the reasons given to him at the time he was terminated. At his termination meeting, Lorton explained to Ruleford he was being fired because management had lost faith in his abilities. Lorton then cited five specific examples: (1) failure to personally seek business from automobile dealers; (2) absenteeism problems; (3) increases in commissions; (4) problems with employee use of business phone lines; and (5) failure to implement performance standards for the department. Ruleford claims Tulsa World asserted new reasons for his termination in this litigation by claiming he was fired because sales revenues declined while payroll and commissions increased.

Although inconsistent rationales may constitute pretext, the mere variety of reasons for a termination decision do not alone create pretext. *See, e.g.*, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002)

(upholding grant of summary judgment when employee was fired for two different, but consistent, reasons); *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733-34 (7th Cir. 2001) (explaining no pretext existed when employer's reasons for termination were neither inconsistent nor conflicting). There is nothing inconsistent between the reasons articulated at the time Ruleford was fired and those proffered during this litigation. All stem from a belief that Ruleford was not properly managing the classified department and losing the company money. Further, Ruleford has presented no evidence that Tulsa World did not, in good faith, believe Ruleford was an ineffective manager. *See Kendrick*, 220 F.3d at 1231. Any evidence suggesting that Lorton's specific reasons for firing Ruleford were, in hindsight, not accurate have no bearing on this analysis unless Ruleford can prove Lorton *knew* they were false at the time he fired the plaintiff.[3] *Id.* (explaining this court must examine "the facts as they appear to the person making the decision to terminate the plaintiff").

Ruleford further identifies as error the district court's order striking material changes to his amended response to Tulsa World's Reurged Motion for Summary Judgment. He argues he was entitled to amend his responses to

---

[3]Ruleford, for example, introduced evidence that he had, in fact, solved the absenteeism problems and implemented performance standards. This evidence, however, fails to establish pretext because Ruleford offered no evidence that Lorton knew these issues were solved. Lorton's good faith belief negates any negative inference that the proffered reasons were unworthy of credence and therefore pretext.

accurately reflect the testimony before the court. After the district court struck paragraphs from Ruleford's affidavit and errata sheet as sham, Ruleford's amended response attempted to fill in the gaps to avoid summary judgment. For example, during Ruleford's deposition he testified he had no direct evidence that Tulsa World fired him because of his age. In his affidavit, however, Ruleford stated Lorton made ageist remarks. The district court found this testimony directly contradicted his deposition and constituted an attempt to create a sham fact issue to avoid summary judgment.

Without direct evidence of age discrimination, Ruleford was required to show pretext. To accomplish this, Ruleford attempted to change his factual responses to Tulsa World's motion for summary judgment. In his original response, Ruleford stated he had "insufficient knowledge" to admit or deny whether Lorton believed the classified department's poor financial performance was due to Ruleford's poor management. In his amended reply, however, he changed his answer to "deny," even though no new evidence was before the court. The district court struck the material changes to Ruleford's response as a sham.

In summary judgment proceedings, the focus is on evidence, not allegations.[4] *See Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007).

---

[4]This court has explained "[w]e will disregard a contrary affidavit . . . when it constitutes an attempt to create a sham fact issue." *Burns v. Bd. of County Comm'rs*, 330 F.3d 1275, 1282 (10th Cir. 2003) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). We have also applied this analysis to sham
(continued...)

While the court views the evidence in the light most favorable to the nonmoving party, that does not permit the nonmoving party to rely on mere allegations. *Id.* ("Unsupported conclusory allegations . . . do not create an issue of fact." (quotation omitted)). Ruleford wholly failed to produce any evidence suggesting Lorton did not, in good faith, believe Ruleford was a poor manager. Nothing in the record suggests Ruleford can establish pretext. We therefore hold the district court's grant of summary judgment to Tulsa World on Ruleford's ADEA claim was proper.

### 2. *OADA Claim*

In *Burk v. K-Mart Corp.*, the Oklahoma Supreme Court created a tort claim for at-will employees terminated in violation of public policy. 770 P.2d 24, 29 (Okla. 1989).[5] The *Burk* tort exists only when an employer violates "an

---

[4](...continued)
"facts" inserted on appeal. In *Finstuen v. Crutcher*, 496 F.3d 1139, 1146 n.5 (10th Cir. 2003) no affidavits or documents presented conflicting facts, but the defendant "presented for the first time on appeal" a factual argument attempting to create a sham fact issue. We held these sham facts did not create a genuine issue of material fact for trial. *Id.* Likewise, in this case new "facts" were inserted into Ruleford's response to Tulsa World's proposed undisputed facts in its Reurged Motion. These new assertions were not supported by evidence in the record.

[5]The Oklahoma Anti-Discrimination Act ("OADA") does not provide a civil cause of action for victims of age discrimination. *See Saint v. Data Exch.*, 145 P.3d 1037, 1038-39 (Okla. 2006). The Oklahoma Supreme Court, however, provided a common-law tort remedy in *Burk* for at-will employees terminated in violation of a public policy. 770 P.2d at 29. In *Saint*, the Oklahoma Supreme Court explained that "there is a *Burk* tort remedy for those who allege

(continued...)

Oklahoma public policy goal that is clearly articulated in existing Oklahoma law—constitutional, statutory or jurisprudential." *Clinton v. Logan County Election Bd.*, 29 P.3d 543, 545 (Okla. 2001). In *Clinton*, the Oklahoma Supreme Court limited the scope of the *Burk* tort remedy, explaining where a terminated employee has an adequate federal statutory remedy the *Burk* claim is not available. *Id.* at 546.

Based on *Clinton*, Tulsa World moved to dismiss Ruleford's OADA/*Burk* tort claim under Fed. R. Civ. P. 12(b)(6), arguing the ADEA claim was an adequate federal remedy precluding the state claim. The district court stayed the motion, however, due to a pending certification in another case. In *Saint v. Data Exchange*, the Oklahoma Supreme Court was asked to determine whether the ADEA was an adequate federal remedy sufficient to preclude a *Burk* tort claim. 145 P.3d at 1037. The Oklahoma Supreme Court concluded the federal remedy was not adequate and plaintiffs were entitled to bring both an ADEA and OADA claim. *Id.* at 1039. Before the Oklahoma Supreme Court decided the certified question in *Saint*, however, the district court granted Tulsa World's original motion for summary judgment and therefore denied the motion to dismiss as moot. Although the district court later granted Ruleford's motion to reconsider,

[5](...continued)
employment age discrimination" under the OADA. 145 P.3d at 1039.

upon reconsideration it again granted summary judgment to Tulsa World on Ruleford's ADEA and OADA/*Burk* tort claims.

Ruleford suggests failure to stay this case, pending the outcome of *Saint*, was prejudicial. This argument is without merit. By granting summary judgment, the district court necessarily determined the underlying facts did not support Ruleford's age discrimination claims. Ruleford could gain nothing from waiting for the outcome of *Saint*. If the Oklahoma Supreme Court concluded OADA claims were barred, Tulsa World's motion to dismiss would have been granted. Instead, the Oklahoma court merely clarified that an OADA claim could be brought with an ADEA claim. *Saint*, 145 P.3d at 1039. *Saint* in no way revives Ruleford's age discrimination claims. It merely establishes both claims may be brought together. Without evidence of age discrimination, however, neither the OADA nor ADEA claim could survive summary judgment. *See Barker v. State Ins. Fund*, 40 P.3d 463, 468 (Okla. 2001) (explaining plaintiff must establish that employers actions violated an established and well-defined public policy to prevail on a *Burk* tort claim). Ruleford failed to establish Tulsa World's actions violated the OADA. Therefore, we hold Ruleford was not prejudiced and the district court did not err when it denied Tulsa World's motion to dismiss as moot and granted summary judgment to Tulsa World.[6]

---

[6]Ruleford's argument is also factually flawed. Although *Saint*, 145 P.3d at 1037, had not yet been decided when the district court initially granted summary

(continued...)

**B.     Discovery Extension**

This case involved numerous delays and requests for extension of time. Ruleford now contends the district court erred by denying its Fed. R. Civ. P. 56(f) motion to extend discovery and therefore denying as moot the joint motion to extend discovery under Fed. R. Civ. P. 6(b)(1).  This court reviews the denial of a Rule 56(f) motion for abuse of discretion.  *Libertarian Party of New Mexico*, 506 F.3d at 1308.  Likewise, we review the denial of a motion for extension of time made under Rule 6(b)(1) for abuse of discretion.  *Lujan*, 497 U.S. at 894-96; *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (per curiam).

At the time of the district court's ruling,[7] Rule 56(f) provided:

---

[6](...continued)
judgment and therefore denied the motion to dismiss as moot, the court reconsidered its grant of summary judgment.  By the time the court granted Tulsa World summary judgment for the second time on September 22, 2006, the Oklahoma Supreme Court had issued *Saint*.  Any benefit of waiting, therefore, had inured to Ruleford.

[7]As of December 1, 2007, Rule 56(f) was amended to state:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) deny the motion;
> >
> > (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> >
> > (3) issue any other just order.

<span style="float:right">(continued...)</span>

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (quotation and alteration omitted). The nonmovant must also state with specificity how the additional time will enable him to rebut the movant's allegations of no genuine issue of material fact. *Id*.; *see also Libertarian Party of New Mexico*, 506 F.3d at 1309.

Ruleford failed to supply an affidavit to support its motion to extend discovery as required by Rule 56(f). The purpose of the affidavit is to ensure the nonmoving party invokes the protections of Rule 56(f) in good faith. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). This requirement also allows the district court to assess the merit of the request. *Id.*

---

[7](...continued)

The language was amended as part of the general restyling of the Civil Rules and the changes were intended to be stylistic only. Fed. R. Civ. P. 56 advisory committee's note. These changes, therefore, have no bearing on this case.

Without the required affidavit specifically stating the evidence sought, Rule 56(f) relief is not available. The district court, therefore, did not err in denying Ruleford's Rule 56(f) motion for extended discovery.[8]

Ruleford also argues the district court committed reversible error by failing to rule in a timely fashion on the joint motion to extend discovery, pursuant to Fed. R. Civ. P. 6(b)(1). Under Rule 6(b)(1), the court may, for good cause, extend a deadline with or without a motion or notice so long as the request is made before the expiration of the deadline originally prescribed by the previous court order. Under the original scheduling order, the district court instructed the parties to complete discovery prior to May 31, 2005. The district court did not rule on the joint motion until July 21, 2005 when it denied the Rule 56(f) motion on the merits and denied the Rule 6(b)(1) motion as moot.

Although the district court did not rule on the joint motion until the deadline had passed, Ruleford wholly failed to demonstrate good cause. As the district court found, Ruleford was dilatory in engaging in discovery. He never sent written discovery requests and waited until the end of the discovery period to notice eighteen depositions in sixteen work days. Although Tulsa World initially

---

[8]The district court denied Ruleford's Rule 56(f) motion based on several grounds. In addition to Ruleford's failure to attach a supporting affidavit, the district court concluded Ruleford was dilatory by failing to engage in even rudimentary discovery. As this court has explained, although courts are to treat Rule 56(f) motions liberally, they may be denied when dilatory or lacking in merit. *Bolden v. Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006).

agreed to extend discovery, the court is not bound by the agreement of the parties. In short, Ruleford has "offered no colorable reason why the discovery deadline should have been extended." *Bolden v. Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006). The district court did not, therefore, abuse its discretion in denying the extension.

## III. CONCLUSION

For the foregoing reasons, this court **affirms** the district court's grant of summary judgment to the defendant.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-17-