**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEBRA BROWN,

      Plaintiff-Appellant,

v.

BOARD OF REGENTS FOR THE
OKLAHOMA AGRICULTURE AND
MECHANICAL COLLEGES FOR
LANGSTON UNIVERSITY

      Defendant-Appellee.

No. 09-6063
(D.C. No. 5:07-CV-01240-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

      Debra Brown appeals from the grant of summary judgment to the defendant

Board of Regents on her federal claims, under the Age Discrimination in

Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Americans with

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Disabilities Act (ADA),[1] 42 U.S.C. §§ 12101-12213, and on her pendent tort claim under Oklahoma's public-policy exception to the principle of at-will employment, *see Burk v. K-Mart Corp.*, 770 P.2d 24, 28 (Okla. 1989). On de novo review, *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1142 (10th Cir. 2009), we affirm for the reasons stated below.[2]

## I.

We view the facts in a light most favorable to Ms. Brown, the non-movant, and draw all reasonable inferences in her favor. *Id.* at 1142. But she "must still identify sufficient evidence requiring submission to the jury . . . [and] cannot avoid summary judgment merely by presenting a scintilla of evidence to support her claim; she must proffer facts such that a reasonable jury could find in her favor." *Id.* (quotations and citations omitted).

Ms. Brown came to Langston University on a temporary grant through Workforce Oklahoma Career Connections (WOCC) in May 2006. She initially worked as a front desk clerk under Mathilda Hall, but obtained a transfer to work

---

[1]     The existence of her claimed disability, primarily involving limits on walking and standing, is not at issue on this appeal.

[2]     The district court denied Ms. Brown leave to proceed on appeal in forma pauperis (IFP), concluding that her appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). In *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007), this court clarified that "a party who seeks [IFP] status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal [IFP]." We grant Ms. Brown's renewed IFP motion and hence proceed to the merits of this appeal.

for Nancy Alexander at the Minority Business Development Center (MBDC) as an administrative assistant while still being paid under the WOCC grant. The grant expired in November 2006, upon exhaustion of its limited funding of $15,000.

In the meantime, however, Ms. Alexander secured, through her own distinct grant funds as MBDC project manager, an additional $1,000 for Ms. Brown under a consultant contract postponing Ms. Brown's departure for a short time, while awaiting word on whether there would be funding for 2007. When that contract expired, in December 2006, MBDC still had no funding for the upcoming year, precluding the obligation of funds for any positions—Ms. Alexander's as well as Ms. Brown's—for 2007, and MBDC was ordered closed by the end of the month. Ms. Brown's temporary placement at Langston terminated. Then, in mid-January 2007, MBDC unexpectedly received a bonus year of funding. As Ms. Alexander had taken another position after the December closure, MBDC hired Wayne Lawson as project manager in February 2007.

Ms. Brown did not apply for an administrative-assistant position under Mr. Lawson, who hired someone else in March 2007. Ms. Brown filed suit, claiming that the termination of her placement at Langston, and the failure subsequently to bring her back, was the result of discrimination on account of her age and disability.

## II.

## Disposition of Federal Claims

The district court rejected Ms. Brown's federal claims since she could not demonstrate pretext. The expiration of grant funding provided a legitimate, nondiscriminatory reason for the end of her placement at Langston, which she had not shown was pretextual, and that Mr. Lawson's hiring of someone else after the unexpected restoration of funding was not actionable given her failure to apply for the position. We agree with the district court's assessment.

"Evidence of pretext may . . . take a variety of . . . forms," but "defeats summary judgment only if it could reasonably lead the trier of fact to infer a discriminatory motive." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1168 (10th Cir. 2007). Ms. Brown did not present any evidence of a general discriminatory animus to which her termination could be related. Her age and alleged disability had no demonstrated affect on the availability or allocation of the grant funding essential to her continued placement at Langston, nor were they alluded to in connection with the events leading to her departure. While she alleges that Ms. Hall directed her to do some tasks that were physically difficult for her, and that her refusal created friction between them, she acknowledges that she asked for and received a transfer to work for Ms. Alexander. Nothing about that circumstance suggests the explanation given for the later termination of her placement at Langston under Ms. Alexander was a mere pretext concealing

-4-

discrimination on account of her alleged disability.[3]  Nor did she undermine that explanation by presenting evidence of similarly situated persons kept on staff by Ms. Alexander at MBDC after 2006.  Indeed, MBDC's closure precluded funding for Ms. Alexander's position as well.

Lacking evidence otherwise suggesting that discrimination was the real motive behind the loss of her position, Ms. Brown was left to establish pretext by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the stated reason for the loss of her placement "that a reasonable factfinder could rationally find [it] unworthy of credence."  *Id.* at 1167 (quotation omitted).  This she also was not able to do.  We have reviewed the evidence submitted on summary judgment, and agree with the district court that it does not raise a genuine issue of material fact regarding the credibility of the reason given for the loss of Ms. Brown's placement at Langston.[4]

Ms. Brown does not—and could not in light of the relevant documentary evidence—dispute that the $15,000 WOCC grant which funded her placement with Ms. Alexander at MBDC expired in November 2006, that her placement was

---

[3]     Ms. Brown has not asserted, much less substantiated, a claim for failure to accommodate her disability while she worked at Langston.

[4]     The record prepared for the pro se appellant, *see* 10th Cir. R. 11.2(A), did not include the materials she submitted in opposition to the motion for summary judgment, as required by 10th Cir. R. 10.3(D)(2).  We have, however, accessed the materials electronically and considered them along with the rest of the record in our review of the summary judgment order.

then extended by the $1,000 consultant contract, and that the latter contract expired in December. She does express doubt about the closure of MBDC, and suggests that funding for 2007 was tacitly guaranteed or imminent when she lost her position, but she has no personal knowledge of any facts with which to oppose Ms. Alexander's unequivocal testimony that MBDC was ordered closed by the end of December and that the bonus funding for 2007 was awarded, unexpectedly, only in mid-January.

Ms. Brown also sought to circumvent the legal effect of her temporary placement by claiming that Ms. Alexander had personally promised to make it permanent, or at least continue it into 2007. Ms. Alexander, who was deposed prior to Ms. Brown, was not asked about this, but she never mentioned such a promise, which would have been as empty as it is implausible given MBDC's funding situation. But we need not wade into the facts of the matter.[5] In any event, making an inadvisable promise that could not be kept in light of subsequent economic reality does not negate the (undisputed) existence of that economic reality—which, being the stated reason for the loss of Ms. Brown's position, is the focus of the pretext inquiry here. At most, Ms. Brown's version of events

---

[5] Many documents, relating to Ms. Brown's placement with Ms. Alexander pursuant to the WOCC grant and the extension of that placement by the consultant contract, undercut Ms. Brown's version of events here, by explicitly noting the temporary nature of her placement and its contingency on continued funding for MBDC. In her support, Ms. Brown relied on a single document, prepared by WOCC rather than Ms. Alexander, citing June 30, 2007 as the estimated end date of her placement with MBDC under the WOCC grant.

suggests the remote possibility of a claim for promissary estoppel; it is not germane to her claims here, which require evidence that "could reasonably lead the trier of fact to infer a discriminatory motive," not just bad judgment in making a promise. *Swackhammer*, 493 F.3d at 1168.

Ms. Brown also testified that Ms. Alexander had promised to recall her in the event MBDC acquired funding for 2007. This was not specifically brought up in Ms. Alexander's earlier deposition, and it would not have been implausible to have made such a promise (as it would have been to make a promise of *continued* employment) in light of MBDC's funding situation. But, again, we need not go into the facts of the matter. It is undisputed that by the time an administrative assistant was to be hired in 2007, that responsibility fell not to Ms. Alexander but to MBDC's new project manager, Wayne Lawson.

In addition to insisting that she should have been kept on at MBDC or recalled by Ms. Alexander, Ms. Brown appears to assert, in perfunctory fashion, that Mr. Lawson's failure to hire her bespeaks discrimination. But Mr. Lawson stated in his affidavit that Ms. Brown never applied for the position with him, and Ms. Brown has never disputed that fact. All she has said is that she called Ms. Alexander, who did not return her calls. Ms. Alexander did not confirm these facts, but even if she had ignored Ms. Brown's phone calls, that hardly supports a claim based on Mr. Lawson's failure to hire Ms. Brown to fill a position for which she never applied.

-7-

In sum, Ms. Brown did not demonstrate a genuine issue of material fact on her federal claims for discrimination. We therefore affirm the grant of summary judgment on those claims.

## III.

### State Law *Burk* Claim

The district court held that its rationale for rejecting Ms. Brown's federal claims undercut her state-law *Burk* claim as well, since it was based on the same allegations of discrimination for which she offered insufficient proof to oppose summary judgment. This court has on numerous occasions recognized that such a failure of proof is equally dispositive of both federal and *Burk* discrimination claims. *See, e.g.*, *Ruleford v. Tulsa World Publ'g Co.*, 266 F. App'x 778, 784 (10th Cir. 2008); *Smith v. Okla. ex rel. Tulsa County Dist. Attorney*, 245 F. App'x 807, 818 (10th Cir. 2007); *Malone v. MAPCO, Inc.*, No. 91-5073, 1992 WL 26788, at *1 (10th Cir. Fed. 11, 1992) (unpub.). Accordingly, we affirm the grant of summary judgment on the *Burk* claim as well.

## IV.

### Miscellaneous Issues Raised on Appeal

What we have already said above regarding the merits obviates further point-by-point discussion of the bulk of Ms. Brown's pro se briefing. But she also raises a few objections collateral to the merits that we should address briefly.

First, she contends that she performed poorly at her deposition because she was taking a prescription pain reliever at the time and insists that she should be deposed a second time to more effectively present her case. This argument was not raised before the district court and we do not consider new issues on appeal absent unusual circumstances, such as where the issue involves a pure question of law and its resolution is certain. *See, e.g.*, *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). The allowance of depositions involves, rather, a matter of trial court discretion, *see Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1082 n.7 (10th Cir. 2006), and favorable action on Ms. Brown's unusual request for a repeat-deposition would not have been certain but, rather, highly unlikely. Nothing about her thorough, detailed, and cogent deposition testimony would seem to offer any support for such a request.

Ms. Brown also voices several criticisms of her trial counsel. But the performance of counsel does not provide a cognizable basis for challenging the disposition of a civil case such as this. *See, e.g.*, *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).

Finally, Ms. Brown complains in vague and general terms about improper disclosure of protected health information in the course of the proceedings. This complaint, which has nothing to do with the summary judgment order on review, is clearly outside the scope of this appeal.

The judgment of the district court is AFFIRMED.  Plaintiff's motion for leave to proceed in forma pauperis is GRANTED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge