**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD KIRBY,

      Plaintiff-Appellant,

v.

ROBERT EZELL, Warden, in his
official capacity; SHANNON
MCREYNOLDS, in his/her official
and individual capacity; MAJOR
HORTON, Operations, Lea County
Correctional Facility; GRIEVANCE
OFFICER BROWN, Torrance County
Detention Center,

      Defendants-Appellees.

No. 09-2300

(D.C. No. CIV-08-00659-JCH)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Plaintiff Richard Kirby, appearing *pro se* and seeking to proceed *in forma pauperis*, appeals the district court's entry of judgment in favor of defendants, various New Mexico correctional officers, on claims Kirby raised against them pursuant to 42 U.S.C. § 1983.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we DENY Kirby leave to proceed *in forma pauperis* and AFFIRM the rulings of the district court.

**I**

On July 15, 2008, Kirby filed a § 1983 complaint in the United States District Court for the District of New Mexico.  At that time, Kirby was incarcerated at the Torrance County Detention Facility ("TCDF"), a privately run correctional institution in Estancia, New Mexico.  In his complaint, Kirby alleged (1) that he had been unconstitutionally denied access to the courts by Robert Ezell, the warden at TCDF, and Shannon McReynolds, an employee of the New Mexico Corrections Department ("NMCD") responsible for ensuring TCDF's compliance with NMCD policies and procedures; (2) that he had been transferred between correctional facilities in violation of Fed. R. App. P. 23(a); (3) that he had been unconstitutionally denied access to the courts by Vince Horton, the security warden at Lea County Correctional Facility, a privately run correctional institution in Hobbs, New Mexico; and (4) that he had been unconstitutionally

-2-

denied access to the courts when he was forced to re-mail forty-two pieces of what he characterized as "legal mail." Kirby subsequently amended his complaint to add a fifth claim, alleging that Grievance Officer David Brown of TCDF had retaliated against him for filing his § 1983 action by having Kirby placed in segregation.

After Kirby's complaint had been amended, the district court issued a memorandum opinion and order, *sua sponte* dismissing Kirby's Fed. R. App. P. 23(a) claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6).[1] The district court subsequently granted Brown's Rule 12(b)(6) motion to dismiss Kirby's retaliation claim and then ordered the remaining defendants to prepare and produce reports pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). The district court advised the remaining defendants that their Martinez reports could be used for summary judgment purposes.

After receiving the remaining defendants' Martinez reports and Kirby's responses thereto,[2] the magistrate judge prepared a document it captioned as an

---

[1] The district court subsequently denied Kirby's request to reconsider this dismissal.

[2] Kirby filed a document captioned "Second Request for Extension of Time to File a Response to the Martinez Report." Therein, Kirby noted that "[i]f [his] Request or Motion [was] sufficient to allow evaluation of the claims, the Court may deem th[e] document as [his] Response." ROA Vol. 2, at 510. The magistrate judge's Analysis and Recommended Disposition, which was adopted by the district court, accepted Kirby's invitation and construed this filing to be both a response to the defendants' Martinez reports and a motion for a summary
(continued...)

"Analysis and Recommended Disposition."  Therein, the magistrate judge

recommended (1) that Kirby's claim that Ezell and McReynolds had denied him

access to the courts be dismissed with prejudice pursuant to Rule 12(b)(6); (2)

that Horton be granted summary judgment on the denial of access to the courts

claim that Kirby raised against him; (3) that Kirby's claim that he was denied

access to the courts by being forced to re-mail certain documents be dismissed

with prejudice pursuant to Rule 12(b)(6); and (4) that Kirby's Rule 56(f) motion

be denied.  The district court subsequently entered an order which adopted the

magistrate judge's recommended dispositions.  In its order, the district court also

rejected Kirby's request, made in his objections to the magistrate judge's

Analysis and Recommended Disposition, for leave to amend his complaint to add

new claims against new defendants.  Kirby then filed this timely appeal.

## II

### *Standard of Review*

"We review a grant of summary judgment de novo."  Annett v. Univ. of

Kan., 371 F.3d 1233, 1237 (10th Cir. 2004).  In doing so, "we view the evidence

and draw reasonable inferences therefrom in the light most favorable to the

nonmoving party."  Id. (quotation and citation omitted).  Ultimately, summary

judgment is appropriate only "if the pleadings, the discovery and disclosure

---

[2](...continued)
judgment continuance filed pursuant to Fed. R. Civ. P. 56(f).

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(2).

Likewise, we "review[] de novo the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223 (10th Cir. 2009) (quotation and citation omitted). In doing so, we "look for plausibility in the complaint." Id. (quotation and citation omitted). "Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face." Id. at 1223-24 (quotation and citation omitted).

Finally, we review for an abuse of discretion both the district court's denial of a Rule 56(f) motion, see Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1308 (10th Cir. 2007), and its denial of a motion to amend a complaint, see Hayes v. Whitman, 264 F.3d 1017, 1026 (10th Cir. 2001).

*Analysis*

As an initial matter, we note that the district court correctly dismissed Kirby's Fed. R. App. P. 23(a) claim. Rule 23(a) "was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982) (quotation and citation omitted). The appeal which Kirby had

pending before the Fifth Circuit at the time of his complained of transfers did not, however, relate to a petition for a writ of habeas corpus. See United States v. Kirby, 302 F. App'x 321, 321 (5th Cir. 2008) (per curiam). Rather, it related to a petition for a writ of coram nobis. Id. Accordingly, the Fifth Circuit's jurisdiction to hear Kirby's appeal could not have been, and indeed was not defeated by Kirby's transfers between correctional facilities in New Mexico. Cf. United States v. Morgan, 346 U.S. 502, 505 n.4 (1954) (noting that a coram nobis proceeding is "a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding."). Thus, Rule 23(a) is simply irrelevant to Kirby's complained of transfers.

Next, we note that because Kirby has failed to plausibly allege that he has suffered an "actual injury," either as the result Ezell's or McReynolds' actions, or as the result of the delay he experienced in sending his forty-two pieces of "legal mail," the district court correctly dismissed Kirby's claims which relate to these actions. See Lewis v. Casey, 518 U.S. 343, 351 (1996) ("Insofar as the right vindicated by Bounds is concerned . . . the inmate . . . must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). Further, because Kirby has failed to create a genuine issue of material fact as to Horton's personal involvement in any alleged denial of Kirby's access to the courts, the district court correctly concluded that

-6-

Horton is entitled to summary judgment on this claim.  <u>See</u> <u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (quotation and citation omitted).  And finally, upon our careful review of the record, we conclude that the district court did not abuse its discretion either in denying Kirby's Rule 56(f) motion, or in denying his request to amend his complaint.

### III

The judgments of the district court are AFFIRMED.  Kirby is DENIED leave to proceed *in forma pauperis* and is ordered to make full payment of the filing fee forthwith.

Entered for the Court


Mary Beck Briscoe
Chief Judge